28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro MONTENEGRO, Defendant-Appellant.
 No. 93-2207.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 
 1
 Before TACHA, BRORBY and EBEL, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 A jury convicted Alejandro Montenegro of possession of marijuana with intent to distribute. Mr. Montenegro appeals his conviction through his court appointed counsel asserting insufficient evidence to sustain the conviction. We have examined the record on appeal and have determined the evidence of guilt is overwhelming. We therefore affirm Mr. Montenegro's conviction.
 
 
 4
 The significant facts are both simple and undisputed. Mr. Montenegro drove his car into a border patrol checkpoint. Mr. Montenegro's auto was filled with the odor of strawberry air freshener, a trick commonly used by drug smugglers to mask the odor of illegal drugs. Mr. Montenegro was quite nervous. The border patrol agent ordered Mr. Montenegro to drive his auto to the secondary inspection area, but instead, Mr. Montenegro drove straight ahead as if to leave the border patrol checkpoint. Only after the border patrol agents shouted at Mr. Montenegro to stop did he drive his car to the secondary inspection area. There Mr. Montenegro consented to a search of his automobile. The border patrol agents found three packages of marijuana tied into the front bumper with electrical cord and six additional packages were found just behind the back seat of the car. The marijuana weighed approximately thirty-eight pounds. The car bore temporary tags identifying the seller as Promitos Motors in El Paso, Texas, and the border patrol agents could find no such dealer. Mr. Montenegro claimed he did not know the marijuana was in his car. He claimed he had been set up and that the deal was political.
 
 
 5
 In analyzing the sufficiency of the evidence, the question is whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found there was sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a jury could have found defendant guilty of the crime beyond a reasonable doubt.
 
 
 6
 It is permissible to infer the driver, owner, and sole occupant of a vehicle containing thirty-eight pounds of marijuana has knowledge of the contraband. United States v. Levario, 877 F.2d 1483, 1485-86 (10th Cir.1989) (holding it is permissible to infer that the driver of a vehicle has knowledge of the contraband within it). In the case before us, we have additional facts including defendant's nervousness, his attempt to leave the checkpoint, and the odor of the masking agent.
 
 
 7
 The judgment and conviction are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470